## Emmons *et al. v.* Myers, use of Goff.

A plea of tender, that certain bank notes in pursuance of agreement, after suit brought, were procured and tendered, without bringing them into court, is bad.

A party who brings a suit for the use of another, cannot discharge the same by an agreement with the defendant.

Where the judgment of the circuit court overruling a motion for a new trial, on the ground that bank notes were not allowed as a payment or set-off, was assigned for error, it was held, that it should appear from the record that the notes were present on the trial.

IN ERROR from the circuit court of the county of Leake.

HAYES & FORRESTER for plaintiff in error.

HUGHES, *contra.*

*Per Curiam.*

The action in this case was brought by Myers, for the use of Goff, on a promissory note. The defendants below filed a special plea, which is relied on as a plea of tender, to which a demurrer was sustained. The substance of the matter pleaded is, that Myers was agent of the Planters' Real Estate Banking Company, and as such took the note sued on, which was discounted for bills or notes of the company. That some time after suit brought, Myers agreed to take in payment the notes of the company, and that in pursuance of said agreement, notes of the company were tendered and refused. This was no plea of tender. It was but an offer to fulfil an agreement made with Myers after suit brought. Now even if such a contract could be binding on Myers, still it was not binding on Goff, the party beneficially interested, of whose interest the defendants were informed, the suit having been brought for his use. The facts pleaded constituted no bar to Goff's right of

action, so that whether it be regarded as a plea of tender or special plea in bar, the demurrer was properly sustained.

When the demurrer was sustained, the cause was submitted to the jury on the general issue, and after verdict the defendants below moved for a new trial, and took exceptions to the opinion of the court in refusing to grant it. By the bill of exceptions it appears that the defendants admitted that they had acquired the notes tendered after the action brought; and it was proven that Myers, the payee, was agent for the company or association. That after said company had stopped banking operations, Myers was employed to wind up the affairs, and Goff being the holder of their notes, received a transfer of the note sued on as collateral security. These facts constitute no reason for a new trial. Even if the defendants were entitled to make payment in the notes of the company, or to have them allowed as an offset, still we have no evidence that they had any such notes present at the trial. We are informed by the bill of exceptions that they had acquired such notes after suit brought, but we are uninformed as to what they did with them.

Judgment affirmed.